## BAY STATE MILLING COMPANY

*v.*

## EBERLE-ALBRECHT FLOUR COMPANY ET AL.

San Juan, Equity, No. 1000.

FOLLOWING PROCEEDS OF PERSONAL PROPERTY.

**Personal Property—Preference.**
>Quære, whether preference for purchase money given by local statute applies where the property has been sold.

Opinion filed March 15, 1918.

*Mr. H. G. Molina* for plaintiff.

*Messrs. H. R. Francis* and *J. Henri Brown* for defendants.

HAMILTON, Judge, delivered the following opinion:

The allegations of the bill are that the plaintiff shipped to defendant Martinez 1,000 bags of flour according to contract,

Bay State Milling Co. v. Eberle-Albrecht Flour Co.

and drew a ten days' draft therefor amounting to $13,037.75. Defendant Martinez accepted the draft and thus obtained the bill of lading, with which he secured the flour, and forthwith sold it to the firm of Ochoa for about 33 per cent less than the price. Ochoa disposed of the flour in due course of business, and no attempt is made to follow the flour in specie. An attachment was levied upon property of Martinez, and this was released upon the deposit of $5,200 of the Ochoa purchase money with the said H. R. Francis and J. Henri Brown, attorneys for the two defendants. This bill seeks to subject that amount of money in their hands.

Upon the argument, plaintiff relies upon § 1823, subdivision 1, of the Porto Rico Civil Code, whereby a preference is retained upon personal property for the unpaid purchase price. No briefs have been filed.

It is evident that the case does not come precisely under the section relied upon, inasmuch as the specific property is not followed, nor is the purchaser of it made a party to the suit. The contention of the plaintiff is that the $5,200 in question takes the place pro tanto of the flour, and can be subjected to the preference declared in the Code. It has been decided in this court that preference at Civil Law and lien at common law are substantially the same. Re Del Pilar Hermanos, 8 Porto Rico Fed. Rep. 605. The further question in the case, however, that is to say, that the purchase price when it can be followed may be subjected to the same lien that the property itself would be, has not been decided in this court, and no authorities from other courts on the subject are submitted. The question is an interesting and an important one, and the court is not disposed to decide it offhand. As it may be raised

Bay State Milling Co. v. Eberle-Albrecht Flour Co.

upon the final hearing, it would seem best to overrule the motion to dismiss and let the law point come up with the proof of the facts.

For this reason the motion to dismiss is denied without prejudice.

It is so ordered.